E-FILED
Friday, 13 August, 2021 10:19:12 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES WADE WAGNON,<br><br>Plaintiff,<br><br>v.<br><br>PEORIA AND PEKIN UNION RAILWAY, and TAZEWELL & PEORIA RAILROAD, INC.,<br><br>Defendants. | No. 1:20-CV-01208-JEM-JEH |

**PLAINTIFF CHARLES WADE WAGNON'S**
**SUPPLEMENTAL RULE 26(a)(2)(B) and (C) DISCLOSURES**

Plaintiff, Charles Wade Wagnon, supplements his Rule 26(a)(2)(B) and (C) Disclosures in the captioned matter, as follows:

1. Dr. Lauren Woodruff Rasmussen
Clinical Psychologist
Jefferson Neurobehavioral Group
6555 Perkins Rd., Suite 500
Baton Rouge, Louisiana 70808
Telephone: (225) 368-2297

Copies of Dr. Rasmussen's Curriculum Vitae, Deposition/Trial Testimony, Fee Schedule, and Expert Report were previously produced on March 12, 2021.

Dr. Rasmussen will testify concerning Charles Wade Wagnon's presentation, history, symptoms, and psychological injuries related to the January 7, 2019 bridge allision; her treatment of Mr. Wagnon; her examinations, diagnoses and opinions of Mr. Wagnon's psychological injuries related to the January 7, 2019 bridge allision; Mr. Wagnon's past, present and anticipated future medical treatment, disability, and work restrictions; and the causal connection between Mr. Wagnon's psychological injuries, his work restrictions, and the January 7, 2019 bridge allision.



Exhibit A

Dr. Rasmussen will rely on the facts of the January 7, 2019 bridge allision as relayed to her and the other treating physicians and healthcare providers in the course of her treatment and examinations of Mr. Wagnon; her treatment and examinations Mr. Wagnon; the facts and opinions contained in her treatment records and reports of Mr. Wagnon; the complete treatment records of Mr. Wagnon's other treating physicians and healthcare providers, including records from Dr. Brian Anderson and all records that have been produced by Mr. Wagnon to date and those that will continue to be produced as received; depositions taken in this matter, documents produced by Mr. Wagnon's counsel, and her knowledge and experience generally as an expert in psychology.

Dr. Rasmussen's opinions and conclusions are contained in her expert report and her depositions. Dr. Rasmussen's testimony will be consistent with the opinions contained in her report and depositions, and will relate to the diagnosis, cause, nature and extent of Mr. Wagnon's psychological injuries and inability to return to work as a captain, and specifically the following as stated in her expert report: "Mr. Wagnon's job is very dangerous, and the success and safety of his crew depends on his reliability as a tugboat captain. Mr. Wagnon is still symptomatic when thinking about his prior job or the accident that occurred while on the job. He does not feel safe to carry out his job duties as a captain and it is my professional opinion that he would be at risk of placing himself and others in danger if he were to resume this role. From a causation standpoint, I think it is clear that his trauma symptoms arose from the accident that occurred while working on January 7, 2019."

2. Dr. Brian Anderson
Integrated Psych Solutions
1100 North University Avenue, #108
Little Rock, Arkansas 72207
Telephone: (501) 615-8838

Dr. Anderson is Mr. Wagnon's treating psychologist. Dr. Anderson is expected to testify concerning Mr. Wagnon's presentation, history, symptoms, and psychological injuries related to the January 7, 2019 bridge allision; his treatment of Mr. Wagnon; his examinations, diagnoses and opinions of Mr. Wagnon's psychological injuries related to the January 7, 2019 bridge allision; Mr. Wagnon's past, present and anticipated future medical treatment, disability, and work restrictions; and the causal connection between Mr. Wagnon's psychological injuries, his work restrictions, and the January 7, 2019 bridge allision.

Dr. Anderson will rely on the facts of the January 7, 2019 bridge allision as relayed to him and the other treating physicians and healthcare providers in the course of his treatment and examinations of Mr. Wagnon; his treatment and examinations Mr. Wagnon; the facts and opinions contained in his treatment records and reports of Mr. Wagnon; the complete treatment records of Mr. Wagnon's other treating physicians, includingfrom Dr. Rasmussen, and healthcare providers that have been produced to him; depositions taken in this matter; and his knowledge and experience generally as an expert in psychology.

Dr. Anderson's opinions will be consistent with those contained in his deposition, and will relate to the diagnosis, cause, nature and extent of Mr. Wagnon's psychological injuries and inability to return to work as a captain, and specifically that Dr. Anderson treated Mr. Wagnon on eight occasions from January 21 to April 13, 2020, that Mr. Wagnon participated fully in his treatment, which resulted in some alleviation of his chronic psychological symptoms, that the main driver in improvement of Mr. Wagnon's chronic psychological injuries was the change of vocation to a less stressful job in a non-maritime setting, and that the January 7, 2019 bridge allision was a substantial contributing factor to Mr. Wagnon's psychological injuries and Mr. Wagnon's inability to return to work as a captain.

3. Captain J.P Jamison
220 South College Street
Marion, KY 42064
Telephone: (270) 853-9070

Copies of Captain Jamison's Curriculum Vitae, Deposition/Trial Testimony, Fee Schedule, and Expert Report were previously produced on March 12, 2021.

Captain Jamison will testify concerning opinions related to the events leading up to the January 7, 2019 bridge allision, the cause of the January 7, 2019 bridge allision, Mr. Wagnon's operation of the M/V Zeus, rules and regulations applicable to Mr. Wagnon's operation of the M/V Zeus, communications between Mr. Wagnon and the bridge tender on January 7, 2019, and facts and conclusions contained in the Coast Guard's investigation. Captain Jamison's opinions and conclusions are contained in his expert report and his deposition. Captain Jamison's testimony will be consistent with the opinions contained in his report and deposition, and specifically that Captain Wagnon properly communicated with the bridge tender, that Captain Wagnon did not have enough time to stop the M/V Zeus to prevent the allision, that the bridge tender violated the rules of his employer, that Mr. Wagnon followed the correct procedure and followed his employer's procedures when approaching the bridge, and that the bridge tender failed to perform his job which caused the bridge allision.

4. Harold Asher and Jeffrey Meyers
433 Metairie Road, Suite 215
Metairie, LA 70005
Telephone: (504) 566-7577

Copies of Harold Asher and Jeffrey Meyers' Curriculum Vitae, Deposition/Trial Testimony, Fee Schedule, and Expert Report were previously produced on March 12, 2021.

Harold Asher and/or Jeffrey Meyers will testify concerning opinions related to Mr. Wagon's after-tax loss of economic capacity as a result of the January 7, 2019 bridge allision,

including but not limited to pre-accident earning capacity, post-accident earning capacity, past wage loss, future wage loss, loss of future earning capacity, fringe benefits and found. Harold Asher's and Jeffrey Meyers' opinions and conclusions are contained in their expert report and Jeffrey Meyers' deposition. Harold Asher's and Jeffrey Meyers' testimony will be consistent with the opinions contained in their report and Jeffrey Meyers' deposition, and specifically that Mr. Wagnon's after-tax loss of economic capacity ranges between $3,967,584 and $4,604,856.

Respectfully Submitted,

/s/ Beth E. Abramson
PAUL M. STERBCOW (#17817)
BETH E. ABRAMSON (#27350)
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504) 588-1500
Facsimile: (504) 588-1514
sterbcow@lksalaw.com
babramson@lksalaw.com

***Attorneys for Plaintiff Charles Wade Wagnon***

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 14th day of July, 2021 served a copy of the foregoing on all parties to this proceeding via email.

/s/ Beth E. Abramson