E-FILED
Friday, 13 August, 2021 10:19:13 AM
Clerk, U.S. District Court, ILCD

Jefferson Neurobehavioral Group
Lauren Woodruff Rasmussen, Psy.D.
lrasmussen@jeffersonneuro.com

LOUISIANA
ALABAMA
MISSISSIPPI
TEXAS

[illegible] PERKINS RD STE 500
BATON ROUGE, LA 70808
225-368-2297 TEL
225-709-9488 FAX
JeffersonNeuro.com

# PSYCHOLOGICAL EXAMINATION

| | |
|---|---|
| **Patient's Name:** | **Charles "Wade" Wagnon** |
| **Sex:** | **Male** |
| **Age:** | **34** |
| **Date of Birth:** | [redacted] |
| **Education:** | **12** |
| **Handedness:** | **Right** |
| **Date of Accident/Injury:** | **01/07/19** |
| **Date of Testing:** | **02/22/21** |
| **Location:** | **Baton Rouge, LA** |
| **Date of Report:** | **03/08/21** |
| **Referred by:** | **Paul M. Sterbcow, Esq.** |

## PROCEDURES ADMINISTERED

Review of Records
Clinical Interview
Beck Anxiety Inventory (BAI)
Beck Depression Inventory-2 (BDI-2)
PCL-5

Exhibit D

**REFERRAL QUESTION:**

Mr. Wagnon was involved in an accident on January 07, 2019 while working as a tugboat captain for Kirby. As he was steering the boat under a bridge, the bridge collapsed onto the wheelhouse of the vessel where Mr. Wagnon was. He has since reported severe anxiety and trauma symptoms related to the accident to the point where he has struggled to return to his prior line of employment. It is the opinion of his treating clinician, Dr. Anderson, that Mr. Wagnon suffers from Posttraumatic Stress Disorder (PTSD). The purpose of the current evaluation was to assess the patient's level of psychological functioning and 1.) To determine the nature and severity of current emotional deficits; if deficits are noted 2.) To establish the likelihood/probability of these deficits being related to the injury/disease in question in light of information in the medical records and research on the injury/disease (this process includes careful consideration of alternate causes) 3.) To evaluate the functional significance of any deficits and 4.) To provide recommendations for additional evaluation, treatment and or rehabilitation if so warranted.

**RELEVANT HISTORY:**

Mr. Wade Wagnon is a 34-year-old male who was seen in our Baton Rouge office for a psychological evaluation at the request of plaintiff counsel, Paul M. Sterbcow, Esq. Mr. Wagnon was informed that the current evaluation was requested as part of his legal case and as such, the results would be shared with attorneys, doctors, and others involved in the case. In this regard, he was explicitly informed that the results of the current evaluation would not be confidential. He understood this and agreed to participate.

The information that follows in this section was provided by Mr. Wagnon during his interview with this examiner.

I have had an opportunity to evaluate Mr. Wagnon twice prior to the current assessment. He initially presented on February 04, 2019 as a referral from his place of employment for evaluation of emotional changes following his workplace accident. At that time, Mr. Wagnon reported sleeplessness for the first 2-3 nights after the accident due to nightmares. Nightmares ceased and sleep improved. He was triggered to think of the accident by bright lights and loud noises. He denied additional triggers. He reported associated symptoms of sweating and heart racing. His anxiety was not generalizing to other boats, bridges, etc. He participated in a full psychological assessment that revealed honest and consistent endorsement of items. Findings were consistent with an Adjustment Disorder with Anxiety. He was provided with psychoeducation about his symptoms and techniques to help manage his anxiety including diaphragmatic breathing, grounding, and worry time. He was given a monitoring form to gage symptoms and possible triggers. I asked him to draft a trauma narrative and review it. Considering the distance between his residence and my office, I opted to call him one week later to follow-up on his symptom presentation. At that time, Mr. Wagnon stated that he was improving. He reported following through with the treatment plan. He was additionally reviewing pictures of the accident on his phone. His supervisor agreed to a gradual return to work. At that point, I felt comfortable releasing him to return to work.

On January 10, 2020, Mr. Wagnon presented back to my office for reassessment. He returned to work and noticed that he was becoming gradually more hypervigilant when he saw bridges. He felt antsy and his anxiety developed into claustrophobia. He had an episode during a hitch around December 18, 2019 where he could not sleep or eat and was trembling constantly. He felt anxious when encountering other boats and was unable to calm with the strategies that had been taught previously. Mr. Wagnon asked to be removed from the boat after which, his symptoms improved but he was still struggling to sleep and felt like he was "in a fog." He had lost a considerable amount of weight due to loss of appetite. He was initially reluctant to participate in trauma therapy when it was explained to him. I followed up with him via phone call on January 14, 2020 at which time he agreed to counseling. I provided a referral to Dr. Brian Anderson at Integrated Psych Solutions in Little Rock, AR. I gave him names of relaxation applications to try including "Headspace" and "Calm." It was my opinion at that time that he was suffering from a delayed PTSD response. No additional testing was completed.

Following my deposition testimony on January 15, 2021, I was asked by Mr. Wagnon's attorney to evaluate him again. Mr. Wagnon presented on February 22, 2021 for his appointment. He stated that he completed treatment with Dr. Anderson which included meditation and prolonged exposure therapy. Mr. Wagnon indicated that while he benefitted from counseling, he began to dread his appointments due to the anxiety that the sessions created from exposure. He began working at Sunrise Yamaha doing mechanics, assembly, and maintenance with the goal of becoming a full-time mechanic. Since distancing himself from the accident (physically and emotionally), Mr. Wagnon reported that his sleep has improved, and he is only experiencing occasional nightmares and panic attacks when discussing the accident. He is triggered when seeing tugboats, at which time he feels "a swell of emotion" which includes sadness and anxiety. He misses his career but does not feel like he can work on a tugboat again. According to his wife, he is less irritable since his job change. Mr. Wagnon indicated that he continues to avoid gun ranges and shooting due to the loud noises. He also avoids talking to his former colleagues. He feels amotivated and indicated that his relationship with his wife has suffered as a result of his emotional changes. He never started using psychotropic medication, per his preference.

**<u>REVIEW OF MEDICAL RECORDS:</u>**

In preparation of this report, I reviewed the following records provided to me by plaintiff counsel, Paul M. Sterbcow, Esq.:

- Vessel Operating Procedure Manual
- Pictures of the Vessel Pre- and Post-Accident
- Integrated Psych Solutions Inc.
  - Brian Anderson, Psy.D.
- Deposition of Dr. Brian Anderson

**<u>Vessel Operating Procedure Manual</u>**

This document was reviewed.

**Pictures of the Vessel Pre- and Post-Accident**

These images were reviewed.

**Integrated Psych Solutions Inc.**

January 21, 2020 through June 13, 2020

Consultations, Brian Anderson, Psy.D.: [8 visits]: Pt. reported panic symptoms when on the vessel, having flashbacks in the form of nightmares (2x/week), and decreasing but present irritability. He reported clammy hands and profuse sweating. He was experiencing emotional detachment and episodes of tearfulness. He also reported occasional rage, hypervigilance, and feelings of distrust. Impression was of PTSD, chronic. Pt. was distressed over lack of employment and confused about whether to return. Session was focused on building rapport, discussion of deep breathing and treatment planning. Discussed role of imagined exposure and negative beliefs about the incident. Also reviewed etiology of PTSD. Pt. was considering returning to work. His sleep had improved some. Using EMWAVE, monitored heart rate and breathing during mindfulness training. Plan was to write down negative beliefs and engage in regular exercise. Discussed avoiding avoidance and how the brain is wired with PTSD. Pt. was increasing his socialization some and practicing deep breathing. He was given a thought stopping worksheet. Nightmares returned. Encouraged continued exposure. Plan was for journaling experiences. Pt. was considering alternative work. Sleep disturbance returned. Discussed distrust of others and imagery techniques. Continued to encourage relaxation and explore coping patterns. Pt.'s symptoms were improving. Discussed how behavior was impacting his relationship with his wife. Treatment was terminated when symptoms were well-managed. Pt. indicated that he believed it was beneficial to his health to find alternate employment.

**Deposition of Dr. Brian Anderson**

February 04, 2021

This document was reviewed.

**BEHAVIORAL OBSERVATIONS/ASSESSMENT:**

Mr. Wagnon arrived early and with his wife for his evaluation. He was dressed casually and appropriately for the weather and occasion. His mood was mildly anxious with restricted affect. He reported that his hands were becoming sweaty when he was discussing his treatment with Dr. Anderson and thinking about the accident. He denied suicidal ideation. Speech was normal in terms of rate, rhythm, and prosody. Thought processes were logical and goal directed. There was no evidence of perceptual disturbance. Eye contact was good. He was pleasant. He ambulated independently and without noticeable difficulty. No pain behaviors were noted during interview.

Following his meeting with the interviewer, Mr. Wagnon was given three brief self-report measures. Of note, none of these instruments have built in validity indicators. His scores were within normal limits on all three measures (BDI-2 = 7; BAI = 6; PCL-5 = 11). The results of this assessment indicate the absence of current psychopathology.

**SUMMARY AND RECOMMENDATIONS:**

Mr. Wagnon is a 34-year-old patient who was involved in a workplace accident on January 07, 2019 in which a bridge collapsed onto the wheelhouse of the tugboat he was operating. Mr. Wagnon was in the wheelhouse at the time of the incident and for several minutes, did not believe he would survive. After the accident, he manifested mild trauma symptoms that were below the threshold for PTSD. He was provided with intervention and at follow-up, noted that his symptoms were resolving. At that point, he was cleared to return to work. Approximately one year later, his anxiety while working reached a point where he was no longer able to function as a tugboat captain and he was sent back for assessment. It was clear at that point that he had a delayed onset PTSD. He was referred to a provider closer to his home for treatment. He completed eight psychotherapy sessions with Dr. Anderson, mostly cognitive behavioral in nature, and his symptoms were well-controlled. However, Mr. Wagnon made the decision not to return to work as a tugboat captain. When he thinks about the incident or sees tugboats, his symptoms return. He is no longer receiving any treatment. He had one instance of potential trauma from his childhood around age 9-10 where he was shot at while hunting. He denied feeling anxious after that incident or having intrusive recollections of it related to his more recent trauma. There is no reported or documented history of premorbid psychopathology.

Mr. Wagnon is not currently demonstrating clinically significant symptoms to suggest diagnosis of a mental health condition, including PTSD. However, it is my professional opinion that his symptoms are only controlled (or in remission) as long as he is not on a tugboat or working around tugboats. While optimally, resolution of a trauma involves eliminating obstacles that cause anxiety and return to prior functioning, that is not always the case. Mr. Wagnon did everything right. He returned to work after the trauma and worked until his anxiety reached a peak that severely inhibited his functionality at work. He then sought treatment, attended therapy, and followed through with homework assignments from Dr. Anderson.

Mr. Wagnon's job is very dangerous, and the success and safety of his crew depends on his reliability as a tugboat captain. Mr. Wagnon is still symptomatic when thinking about his prior job or the accident that occurred while on the job. He does not feel safe to carry out his job duties as a captain and it is my professional opinion that he would be at risk of placing himself and others in danger if he were to resume this role. From a causation standpoint, I think it is clear that his trauma symptoms arose from the accident that occurred while working on January 07, 2019.

**DSM-5 DIAGNOSISTIC IMPRESSION:**

- **309.81 Posttraumatic Stress Disorder, in remission (not currently symptomatic)**

The opinions expressed in this report are based in part on information provided to the examiner. The examiner reserves the right to change her opinion upon receipt of new information.

s/ Lauren W. Rasmussen, Psy.D., ABN

[redacted]

Lauren W. Rasmussen, Psy.D., ABN
Licensed Clinical Neuropsychologist
Board Certified Neuropsychologist

*This report is subject to transcription error.*

**This report is not to be shown or given to patients without consultation with Dr. Rasmussen.**